UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TEL-TRON TECHNOLOGIES
CORPORATION,

     Plaintiff,

v.                          Case No:  6:11-cv-1448-Orl-36TBS

STANLEY SECURITY SOLUTIONS,
INC.,

     Defendant.

_____

ORDER

Pending before the Court is Plaintiff's Motion to Compel Discovery Related to

Invalidity. (Doc. 35).  The Court has reviewed the motion and Defendant's response (Doc.

43).  Upon due consideration, the Court DENIES the motion.

I.  Background

On August 30, 2011, Plaintiff Tel-Tron Technologies Corp. ("Tel-Tron")[1] filed an

action in federal court against Defendant Stanley Security Solutions, Inc., d/b/a Stanley

Healthcare Solutions ("Stanley"),[2] for infringement of the '549 Patent, which is described

as an emergency call network and system with graphical user interface.  (Doc. 1).  Tel-

Tron argues that it is the "sole and exclusive owner" of the '549 Patent and that the

inventor, Brian Dawson, "assigned all of his rights to the inventions claimed in the [patent]

to Tel-Tron."  (Id. ¶¶  7, 9).  Plaintiff claims that "Stanley has sold and offered for sale in

the United States and in this Judicial District emergency call products that directly or

---

[1] Tel-Tron is a Florida corporation. (Doc. 1 ¶ 1).

[2] Stanley is a Connecticut corporation with a principal place of business in Indianapolis, Indiana.
(Id. ¶ 2).  Stanley is registered to do business in Florida.  (Id. ¶ 5).

indirectly infringe upon one or more claims" in the '549 Patent.  (Id. ¶ 10).  On September

28, 2011, Stanley filed its Answer to the Complaint and initiated counterclaims for

declaratory judgments of non-infringement and invalidity.  (Doc. 9).  On March 2, 2012,

the Court entered a scheduling order in this case (Doc. 29)[3] and the parties embarked on

discovery.  On June 21, 2012, Plaintiff filed a motion to compel Defendant's response to

its sixth interrogatory.  (Doc. 35).  Defendant opposes the motion.  (Doc. 43).

## II.  Discussion

The Federal Rules of Civil Procedure "strongly favor full discovery whenever

possible."  Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985).

Parties may obtain discovery of "any nonprivileged matter that is relevant to any party's

claim or defense . . ."  FED. R. CIV. P. 26(b)(1).  It is not necessary that the material be

admissible at trial "if the discovery appears reasonably calculated to lead to the discovery

of admissible evidence."  Id.  Federal Rule of Civil Procedure 33 allows parties to serve

upon each other interrogatories which relate to any matter that may be inquired into under

Rule 26(b).  The handbook entitled Middle District Discovery (2001) directs that

"[i]nterrogatories should be brief, simple, particularized, unambiguous, and capable of

being understood. . . ."  Middle District Discovery (2001) at 15.

Rule 33 directs that each interrogatory be answered "separately and fully in writing

under oath."  FED. R. CIV. P. 33(b)(3).  An opposing party must state its grounds for

objection with specificity.  See id. at (b)(4).  Objections to discovery must be "plain

enough and specific enough so that the court can understand in what way the [discovery

is] alleged to be objectionable."  Panola Land Buyers Assoc. v. Shuman, 762 F.2d

1550,1559 (11th Cir. 1985) (quoting Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.

1981)).  Upon motion, the court may compel a party to answer the interrogatories.  See

---

[3] The Court's scheduling order was amended on July 2, 2012.  (Doc. 37).

FED. R. CIV. P. 37(a)(3)(B)(iii).  If the motion to compel is granted, the court must direct the party whose conduct necessitated the motion, "or the attorney advising that conduct, or both," to compensate the movant for "reasonable expenses incurred in making the motion, including attorney's fees," except in certain limited circumstances.  FED. R. CIV. P. 37(a)(5)(A).

During the discovery phase of this case, Tel-Tron served Stanley with several interrogatories, including the following:

> Interrogatory No. 6: If you contend that any claim of the '549 Patent is invalid or unenforceable, state any statutory basis and factual support for your contention and provide an element-by-element comparison of each claim to any alleged prior art you contend renders any claim invalid.

(Doc. 35 at 3).  Stanley's initial response to the interrogatory contained a series of objections, including attorney-client privilege and work-product immunity.  (Doc. 35-1 at 20-21).  Stanley also objected to the interrogatory because it "prematurely [sought] Stanley's position with respect to the issues of invalidity, unenforceability, and claim construction" and sought to "elicit a response that is properly the subject of expert testimony."  (Id. at 20-21).  At Tel-Tron's request, Stanley supplemented its response and indicated that its invalidity argument was based on two statutes 35 U.S.C. §§ 102 and 103.  (Doc. 35-2 at 19-20).

Tel-Tron was dissatisfied with the first supplemental response and requested that Stanley make yet another attempt at answering the interrogatory.  In its second supplemental response, Stanley reiterated its prior objections and provided Tel-Tron with a list of documents that were produced during discovery, pursuant to FED. R. CIV. P. 33(d).  (Doc. 35-3 at 18-22).  Tel-Tron now claims that Stanley's second supplemental response is inadequate because it failed to provide an "element-by-element explanation

of its invalidity contentions." (Doc. 35 at 5). Stanley objects to the disclosure of this

information prior to the expert report deadline:

> Stanley will provide Tel-Tron with specific, detailed information regarding the invalidity of the '549 Patent, including an analysis of prior-art patents and commercial systems that render the '549 Patent invalid as anticipated and/or obvious. This information will be contained in Stanley's expert report, which Stanley will serve on or before the October 3 deadline. *See* Expert Deadline Order. Stanley will also supplement its answer to Interrogatory No. 6 to incorporate this expert report.

(Doc. 43 at 5-6).

It is within the Court's discretion to limit the scope of discovery. FED. R. CIV. P.

26(b); Panola Land Buyers Assoc., 762 F.2d at 1559. In cases in which expert testimony

on invalidity was forthcoming, Courts have found the element-by-element claim analysis

of the type Tel-Tron has requested to be premature. IP Innovation, LLC et al. v. Sharp

Corp., 219 F.R.D 427, 429-430 (N.D. Ill. 2003) ("Plaintiffs seek a claim by claim and

element by element comparison of any prior art or other invalidity defenses . . . Plaintiffs'

request for an invalidity analysis before Sharp is required to produce its expert report is

denied as premature."); Internet Ad Sys., LLC v. ESPN, Inc., Civil Action No. 3:03-cv-

2787-D, 2004 U.S. Dist. LEXIS 20393, at *11-12 (N.D. Tex. Oct. 8, 2004).

I have reviewed the facts of this case and the circumstances surrounding Tel-

Tron's motion and have concluded that it would be premature to compel Stanley to give a

more responsive answer at this time. In addition, the production of an element-by-

element analysis at this stage in the proceeding would be an expensive undertaking.

Stanley's expert report is due in less than sixty (60) days and the trial term is more than

eight (8) months away. The Court is satisfied that postponing this discovery for two

months will not prejudice Tel-Tron and will not cause the plaintiff to be surprised at trial.

Accordingly, it is hereby ORDERED that:

1. Tel-Tron's Motion to Compel Discovery Related to Invalidity (Doc. 35) is DENIED WITHOUT PREJUDICE, to be reasserted, to the extent appropriate, once the parties have disclosed their expert reports.[4]

2. Stanley is directed to supplement its response to Interrogatory No. 6 within five (5) days after the disclosure of its expert report.

3. To the extent the parties seek an extension of the discovery deadline to accommodate discovery related to the interrogatory supplement, they are directed to file a joint motion for extension of time on or before October 8, 2012.

4. Stanley's Motion to Compel Plaintiff to Supplement Its Interrogatory Response to Clarify Its Infringement Contentions (Doc. 42) is DENIED AS MOOT.  In the motion Stanley advised the Court that it "request[ed] the relief discussed in [the] motion only on a conditional basis, in the event the Court grants Tel-Tron's Motion to Compel."  (Doc. 42 at 2).  As described herein, the Court has denied Tel-Tron's motion; thus, Stanley's motion to compel is moot.

**DONE** and **ORDERED** in Orlando, Florida on August 14, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies Furnished to All Counsel of Record

---

[4] The Court reserves its ruling on the merits of Stanley's remaining objections, including the objections of attorney-client privilege and work product protection.